UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUNEY KEOPHAN, | No. C 09-1137 MHP (pr) |
|     Petitioner, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
|     v. | |
| ROBERT A. HOREL, warden, | |
|     Respondent. | |

Souney Keophan, a prisoner at Pelican Bay State Prison, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

According to the habeas petition, Keophan was convicted in Santa Clara County Superior Court of conspiracy to commit first degree burglary, active participation in a criminal street gang, and possession of burglary tools. On February 22, 2007, he was sentenced to thirteen years in state prison. Keophan appealed. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court in 2008. He then filed this action.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled

1  thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in
2  the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See
3  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

   The petition is deficient in that it does not identify the particular federal constitutional provision implicated in any of the four claims in the petition.  This court can only consider claims for violations of a habeas petitioner's rights under the constitution, laws or treaties of the United States, see 28 U.S.C. § 2254(a), and cannot consider claims for violations of state law.  It is not sufficient to allege (as Keophan has for two claims) that there was "unconstitutional" conduct; the particular constitutional provision must be identified. Keophan must file an amended petition in which he identifies, in each claim, the particular federal constitutional provision that was violated (e.g., the Fourteenth Amendment's Due Process Clause or the Sixth Amendment's right to jury trial).

   In preparing his amended petition, Keophan also should bear in mind that this court cannot consider a claim unless state court remedies have first been exhausted for that claim. The exhaustion requirement means that he must present each and every claim to the California Supreme Court in a petition for review or in a habeas petition to give that court a fair opportunity to rule on the merits of it before this court can consider the claim.

   For the foregoing reasons, the petition is dismissed with leave to file an amended petition no later than **July 24, 2009**.  The amended petition should have this case caption and case number on the first page and should be clearly marked "Amended Petition."  Failure to file the amended petition by the deadline will result in the dismissal of this action.

   IT IS SO ORDERED.

DATED:  June 15, 2009

_____
Marilyn Hall Patel
United States District Judge

2